UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Donald Hanson,                                        Civil 02-4870 DWF/FLN

        Petitioner,

        v.                                         **REPORT AND RECOMMENDATION**

Patrick McGowan, et al.,

        Respondents.

---

**THIS MATTER** is before the undersigned United States Magistrate Judge on Petitioner,

Donald H. Hanson's ("Petitioner" or "Mr. Hanson"), application for habeas corpus relief under 28

U.S.C. § 2241. Respondents' responded with a Motion to Summarily Dismiss [Docket #6]. The

matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation

pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. As discussed more fully below, the Court

will recommend that Respondents' motion be granted.

## I. BACKGROUND

At the time this Motion was filed, Petitioner was awaiting trial on a complaint filed in

Hennepin County District Court on two counts of Criminal Sexual Conduct in the Second Degree,

Minn. Stat. § 609.343, subd. 1(a), one count of Attempted Criminal Sexual Conduct in the Second

Degree, Minn. Stat. § 609.343 subd. 1(a) and § 609.17, and one count of Indecent Exposure, Minn.

Stat. § 617.23, subd 2. Petitioner sets forth seven grounds for his petition. In essence, Petitioner

seeks an order from this Court enjoining his criminal prosecution in State Court.

Respondents seek dismissal on the grounds that Petitioner's claims are controlled by the

*Younger* "abstention doctrine." <u>Younger v. Harris</u>, 401 U.S. 37 (1971). The *Younger* abstention

8.12.03
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

doctrine has been applied in Habeas Corpus proceedings. See Davis v. Muellar, 643 F.2d 521, 525 (8th Cir. 1981).

## II. DISCUSSION

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court reiterated the long standing judicial policy against interfering with criminal prosecutions in State Courts. In Younger, as here, Harris sought to enjoin his prosecution in State Court. Harris made a strong argument that the statute under which he was prosecuted was unconstitutional under the First Amendment. The Court held that Harris' request for an injunction should have been denied. In distinguishing Dombrowski v. Pfister, 380 U.S. 479 (1965), the case upon which Harris principally relied. the Court said,

> "We do not think that opinion stands for the proposition
> that a federal court can properly enjoin enforcement of a
> statute solely on the basis of a showing that the statute
> 'on its face' abridges First Amendment rights."

401 U.S. at 53.

The Court's opinion in Younger v. Harris, supra, was based upon the principles of comity and federalism. To the extent the Petitioner asks this Court to interfere with a criminal prosecution pending in State Court, the matter falls squarely within the confines of the *Younger* abstention doctrine.

Although one of Hanson's seven claims is a double jeopardy claim, he is still not entitled to any habeas corpus relief. Double jeopardy claims present an exception to the Younger v. Harris abstention doctrine. See Satter v. Leapley, 977 F.2d 1259 (8th Cir. 1992). However, here, even if all of the facts alleged by Petitioner were true, his petition fails to state a double jeopardy

2

claim. Jeopardy attaches only after a jury is selected and sworn to serve in the case. United

States v. Givens, 88 F.3d 608, 611 (8th Cir. 1996). The Petitioner here, whose complaint was

filed in December 2002, before Petitioner's State Court trial began, alleged only that, in August,

2002, a jury panel was sworn in, given a questionnaire, and then released. Jeopardy does not

attach when a jury panel is sworn to tell the truth before voir dire begins. Jeopardy attaches only

after the jury is selected and sworn to serve in the case. Even if everything alleged in connection

with Petitioner's double jeopardy claim were true, the petition would fail to state a violation of

the double jeopardy clause of the Constitution, and Petitioner would not be entitled to any

judicial relief from his State Court prosecution.

### III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS**

**HEREBY RECOMMENDED** that Defendants' Motion to Summarily Dismiss [#6] be

**GRANTED.**

DATED: Aug / 2 2003.

_____
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service of the objections. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.